**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                     **CASE NO.: 1:05-CR-001-SPM**

**EDGAR JOHNSON,**

    **Defendant.**
_____/

**ORDER DENYING MOTION FOR NEW TRIAL**

**THIS CAUSE** comes before the Court upon the "Motion for New Trial" (doc. 138) filed December 20, 2005 and the Government's response (doc. 140) filed December 29, 2005. Defendant files his motion pursuant to Federal Rule of Criminal Procedure 33, under which a district court may grant a new trial "if the interest of justice so requires." Defendant's arguments in this area can be grouped into 3 main categories: 1) Rule 404(b) testimony of Alfred Wheeler and Navarus Bryant; 2) the recorded controlled phone call between Defendant and Major Parker; and 3) an issue under Apprendi v. New Jersey, 530 U.S. 224 (2000).

The Government asserts, without citation to authority, that the phone call and Apprendi issues "have no place in a motion for new trial and are properly

addressed on direct appeal." However, "[a] post-conviction, pre-appeal Rule 33 motion is considered part of a defendant's direct appeal . . . ." United States v. Berger, 375 F.3d 1223, 1226 (11th Cir. 2004)(*citing* Kitchen v. United States, 227 F.3d 1014, 1019 (7th Cir. 2000) (stating that "[i]t is wide of the mark to label a pre-appeal motion for a new trial as a 'collateral attack.'")). Thus, the Court will examine each of the three grounds in turn.

### **404(b) Witnesses**

Defendant first argues that the Court erroneously admitted certain Rule 404(b) evidence in the form of testimony from witnesses Alfred Wheeler and Navarus Bryant, and that without that evidence, the jury's guilty verdict was contrary to the weight of the evidence.

The test in the Eleventh Circuit for admissibility of evidence under Federal Rule of Evidence 404(b) was first announced in United States v. Beechum, 582 F.2d 898 (5th Cir. 1978) and then expounded upon in United States v. Miller, 959 F.2d 1535 (11th Cir. 1992). United States v. Matthews, 431 F.3d 1296, 1310 (11th Cir. 2005). Under this test, there are three elements that must be met: First, the evidence must be relevant to an issue other than the defendant's character; second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the act; and third, the probative value of the evidence must not be substantially outweighed by undue prejudice. Id. at 1310-11.

As to the first prong, the testimony of Wheeler and Bryant related to Defendant's intent, which he placed squarely at issue by entering a plea of not guilty.  "In every conspiracy case, a not-guilty plea renders the defendant's intent a material issue. . . . Evidence of such extrinsic evidence as may be probative of a defendant's state of mind is admissible unless [the defendant] 'affirmatively takes the issue of intent out of the case.'"  Id. at 1311 (*quoting* United States v. Roberts, 619 F.2d 379, 383 (5th Cir.1980)).[1]  The evidence was also relevant. "Evidence of prior drug dealings is highly probative of intent to distribute a controlled substance, as well as involvement in a conspiracy."  United States v. Cardenas, 895 F.2d 1338, 1344 (11th Cir. 1990) (*quoting* United States v. Hitsman, 604 F.2d 443, 448 (5th Cir. 1979)).

Secondly, the act was established by sufficient proof to enable a jury to find that the defendant committed the act.  Alfred Wheeler testified as to two separate occasions on which he purchased drugs from Defendant.  On the first occasion, Wheeler testified that he was standing at the back of a barbershop, waiting to get his hair cut, when he noticed an individual next to him smoking marijuana.  When asked where he purchased the marijuana, the individual pointed to Defendant.  Wheeler then approached Defendant and asked if he had

---

[1] Decisions of the Fifth Circuit rendered before October 1, 1981 constitute binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

any marijuana for sale, and Defendant replied that he would have it ready when Wheeler was finished with his haircut. When Wheeler exited the barbershop a while later, Defendant had a quarter-pound of marijuana available, which he sold to Wheeler for $350.00. Apparently this transaction occurred at Defendant's vehicle, because Wheeler testified that he saw the marijuana inside the truck Defendant was driving.

In late December of 2004, Wheeler again bought marijuana from Defendant. During this transaction, Defendant showed Wheeler a bag of cocaine as well, asking Wheeler if he "needed" any. Wheeler declined and purchased only the marijuana.

Navarus Bryant then took the stand and testified that he selected Defendant from a photo lineup as someone whom he had previously witnessed engaging in drug transactions. He stated that in January of 2005, he was at a gym in Ocala working out with his friend, Eddie Hamilton, when Hamilton introduced him to Defendant and another individual (Cole). As the four stood outside the gym talking, Bryant witnessed Defendant sell nine ounces of cocaine to Cole. Subsequently, Defendant asked to purchase more cocaine from Bryant and Hamilton, explaining that his normal supplier, Josh Thomas, had none available at the time. Bryant and Hamilton then sold Defendant another nine ounces of cocaine.

A jury could certainly find, from this testimony, that Defendant engaged in

at least two or three separate drug transactions, thus fulfilling the second prong of the Miller/Matthews test.  *See* Huddleston v. United States, 485 U.S. 681, 685 n.2 (1988).

Finally, any prejudice to Defendant stemming from the admission of this testimony did not outweigh its probative value.  As noted in Matthews, circuit precedent "regards virtually any prior drug offense as probative of the intent to engage in a drug conspiracy."  Matthews, 431 F.3d at 1311.  Subsequent offenses can also be used to show intent.  United States v. Jernigan, 341 F.3d 1273, 1283-84 (11th Cir. 2003).

Here, Defendant's transactions with Wheeler and Bryant occurred less than two months after codefendant Parker was arrested, and the same type of conduct occurred with both Wheeler and Bryant.  The testimony of these two witnesses was properly admitted under the caselaw of the Eleventh Circuit.

Even had that evidence not been admitted, however, the jury's verdict was not contrary to the weight of the evidence.  In considering such a claim, the court is entitled to weigh the evidence and consider the credibility of witnesses.  United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985).  However, the court may not set aside a verdict simply because it feels some other result would be more reasonable.  Id. at 1312-13.  Instead, "the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand."  Id. at 1313.  Courts are to grant new trials "sparingly and with

caution," and only in "exceptional" cases.  Id.

The most damning testimony at trial came from codefendant Parker, who testified as to three separate cocaine purchases from Defendant.  The first purchase occurred on November 16, 2004, when Parker told Defendant that he needed two ounces of cocaine but did not have the money to pay for it right away.  Parker drove to Ocala, where he met Defendant and received the two ounces, which he brought back to Gainesville and delivered to codefendant Stephanie Moise.  Moise paid Parker, who in turn met with Defendant to pay him the amount owed ($650 per ounce).

On November 22, 2004, not a week later, Defendant sold Parker another two ounces of cocaine at $700 per ounce.  Parker brought the drugs to Moise, who again gave money to Parker to be delivered to Defendant.

The last transaction was by far the largest.  Moise asked Parker if he could obtain a half-kilogram of cocaine.  Parker then contacted Defendant and arranged the deal for a total of $11,500.00.  Defendant dropped the drugs off at Josh Thomas's house for Parker to pick up later.  On the day Parker picked up the cocaine, December 7, 2004, he was arrested by law enforcement.  In an effort to cooperate with the Government, he agreed to record a phone call between himself and Defendant in which he would attempt to arrange a meeting to pay Defendant the $11,500.00 owed to him.

Parker was extensively cross-examined by defense counsel in all areas of

Page 7 of 9

his testimony, including his earlier untruthfulness with law enforcement when he was first arrested.  He was questioned about his use of multiple cell phone accounts, an amount of counterfeit money found in his nightstand drawer, and the significance of the phone call references to giving Defendant "eleven-five" for the "half".  If this cross-examination raised doubts in the jury's mind about Parker's testimony, or produced two conflicting stories, then the jury would be "free to choose among reasonable constructions of the evidence."  United States v. Bell, 678 F.2d , 547, 549 (5th Cir. 1980).[2]

Having reviewed the testimony given during the trial, weighed the evidence presented, and considered the credibility of all witnesses, the Court finds that even without the testimony of Wheeler and Bryant, the jury's verdict was not contrary to the weight of the evidence.  This ground is without merit.

**Recorded Phone Call**

Defendant next contends that the tape recording of the controlled phone call of December 8, 2004 between himself and Major Parker was erroneously admitted because 1) it occurred one day after the ending date of the conspiracy alleged in the indictment; and 2) it is inadmissible hearsay.

As to the date of the phone call, the offense of conspiracy is a continuing crime such that "prior or subsequent incidents may be introduced to establish

---

[2] *Supra* n.1.

that a defendant possessed a requisite knowledge or intent or that there is a consistent pattern, scheme of operations, or similarity of method." United States v. Goodwin, 470 F.2d 893, 899 (5th Cir. 1972).[3]

With respect to the hearsay issue, under Federal Rule of Evidence 801(d)(2)(A), the phone call is an admission of a party-opponent. "Any and all statements of an accused person, so far as are not excluded by the doctrine of confessions or by the privilege against self-incrimination, are usable against the accused as admissions and are not hearsay." United States v. Robinson, 591 F.2d 1202, 1204 (5th Cir. 1979)(citing United States v. Evans, 572 F.2d 455, 488 (5th Cir. 1978)).[4] In this case, Defendant's own statements during the phone call are sought to be offered against him, bringing the evidence squarely within the ambit of Rule 801(d)(2). The phone call was properly admitted, and this ground is without merit.

**Apprendi**

Defendant's sole argument on this ground consists of the sentence found on page 5 of the motion for new trial: "The jury finding was not in accordance with Apprendi." As Defendant has not yet been sentenced, this argument is premature. It is not a jury finding *per se* that violates the notions of Apprendi v.

---

[3] *Supra* n.1.

[4] *Supra* n.1.

<u>New Jersey</u>, it is a sentence that does not require proving to a jury beyond a reasonable doubt any fact which would increase the penalty beyond the statutory maximum.  <u>Apprendi</u>, 530 U.S. 466, 494 (2000).

Defendant's arguments have not met the stringent standard enunciated in <u>Martinez</u> for a new trial to be granted.  Accordingly, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for New Trial (doc. 138) is hereby *denied*.

**DONE AND ORDERED** this <u>thirty-first</u> day of January, 2006.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

/pao